Hon. C. Voorhies,
Hon. A. M. Buchanan,
Hon. A. N. Ogden,
Hon. J. G. Campbell.
} *Associate Justices.*

---

### City of New-Orleans *v.* Cochrane, Bullard & Co.

The 35th section of the Act of 23d February, 1852, provides a summary mode of proceeding by the city of New Orleans against defaulting tax payers—and substitutes a constructive notice by advertisement, in place of personal citation. This, being in derogation of common right, must receive a strict construction, and will not, therefore, be applied to the collection of taxes assessed before the passage of the Act.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Parker*, for plaintiffs. *Clarke & Bayne*, for defendants and appellants.

Ogden, J. The 35th section of the Act of the Legislature, approved February 23d, 1852, entitled an Act "to consolidate the city of New Orleans and provide for the government and administration of its affairs," provides that all city taxes, except levee dues, shall be payable only in the office of the City Treasurer, from the first of May to the first of July of each year. That the Treasurer shall, by notices in the public newspaper pointed out by the Common Council, notify the tax payers to appear at his office for the payment of their taxes, and further provides, that on the first Monday of July, of each year, the Treasurer shall put in suit, in a Court of competent jurisdiction, all unpaid bills for taxes, and shall by an advertisement published in the official newspaper of the Council, cite all defaulters to appear in fifteen days from the date of the first insertion of said advertisement, before the respective Courts in which the bills are put in suit, and answer to the demand—that no petition shall be necessary, but that the tax bill shall be considered as a petition, and no other service of citation shall be necessary. The defendant having been condemned by a judgment rendered without citation, in pursuance of the

remedy given by that Act, to pay a tax assessed against him in favor of the Second Municipality previous to the Act of consolidation, asks for its reversal on the ground that he was not cited. The Act of the Legislature, relied on by the plaintiffs in support of the right claimed, to proceed without petition or citation, as required in ordinary cases, provides a summary mode of proceeding and substitutes a constructive notice by advertisement in place of personal citation, which was previously required to authorize a judgment against defaulting city taxpayers—the law being in derogation of a common right, must receive a strict construction, and we do not think ourselves authorized to extend its application to the collection of taxes assessed to one of the Municipalities, previous to the passage of the Act of consolidation.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court below be reversed, that the suit be dismissed, and that the plaintiffs pay the costs of both ·Courts.

Re-hearing refused.